**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

United States of America,

    v.

Robert G. Soucy, Jr.

Case No. 23-cr-81-SM-AJ-1
Opinion No. 2025 DNH 008

**O R D E R**

Defendant, a physician by training, is charged with unlawfully, knowingly, and intentionally distributing controlled substances by issuing prescriptions not supported by legitimate medical needs or purposes.  As a preliminary matter, defendant suggests that he is not competent to stand trial (18 U.S.C. § 4241).  An evidentiary hearing was held to determine whether 1) defendant has the present ability to consult with his counsel with a reasonable degree of rational understanding; and 2) whether he has a rational will as factual understanding of the proceedings against him.  Dusky v. United States, 362 U.S. 402 (1960).

The parties agree that Dr. Soucy does have a rational and factual understanding of the proceedings against him, but disagree about his present ability to consult with counsel with a reasonable degree of rational understanding.  Dr. Kendra L. Bryant and Dr. Robert L. Denney testified as expert witnesses with respect to Dr. Soucy's present condition.  They generally agreed that Dr. Soucy suffers from some degree of cognitive

impairment, due to a neurodegenerative disease process (perhaps a form of dementia), that has shown signs of slow decline. The condition results in disorganization, forgetfulness, memory impairment, and some focusing issues. While Dr. Bryant is of the opinion that Dr. Soucy is basically competent (with the assistance of family), she doubts his ability to assist counsel, especially absent family support. Dr. Denney concurs in the medical assessment (cognitive disorder) but points out that testing suggests a mild condition (currently), slow progress, and a reasonable ability to both comprehend questions and provide answers with a reasonable degree of rational understanding.

I am persuaded that Dr. Denney's current assessment is correct and that Dr. Soucy is currently able to assist counsel, consult with him with a reasonable degree of rational understanding, and respond effectively to inquiries about events, documents, and records related to his defense. That is not to say that his condition will remain stable, but only that he is presently competent to assist counsel and to stand trial. Future testing or supplemental diagnoses may warrant revisiting the issue should defendant's condition deteriorate more rapidly than anticipated.

## Conclusion

Defendant is competent to stand trial.


**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 30, 2025

cc:  Counsel of Record
     U.S. Probation
     U.S. Marshal